**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-7159**

TERRENCE EDWARD HAMMOCK,

         Plaintiff - Appellant,

     v.

OFFICER PHILLIP ANDOH,

         Defendant - Appellee,

     and

GAIL WATTS; SERGEANT ANTHONY DUPREE; OFFICER KEVIN WATSON; SERGEANT TRAVIS BOND; OFFICER HENRY WESTCOTT,

         Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah Lynn Boardman, District Judge. (1:21-cv-00796-DLB)

Submitted: December 12, 2023             Decided: January 3, 2024

Before NIEMEYER and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Terrence Edward Hammock, Jr., Appellant Pro Se.   Lisa J. Smith, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrence Edward Hammock, a former Maryland pretrial detainee who was housed at the Baltimore County Detention Center, appeals the district court's order awarding summary judgment to Correctional Officer Phillip Andoh on Hammock's claim for failure to protect under the Fourteenth Amendment to the United States Constitution. Consistent with our precedent at the time that it entered its order, the district court assessed Hammock's claim using the test for Eighth Amendment failure-to-protect claims brought by convicted prisoners. *E.g.*, *Younger v. Crowder*, 79 F.4th 373, 382 (4th Cir. 2023); *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021). That test has both an objective element and a subjective element. *Younger*, 79 F.4th at 382. The district court ruled that Andoh was entitled to summary judgment because Hammock had not produced evidence creating a genuine issue of material fact on the subjective element. *See* Fed. R. Civ. P. 56(a).

After the district court entered its order, we held that the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), had abrogated our precedent requiring the application of the subjective element of the Eighth Amendment test to a pretrial detainee's failure-to-protect claim under the Fourteenth Amendment. *Short v. Hartman*, __ F.4th __, __, Nos. 21-1396/1397, 2023 WL 8488148, at *8-10 (4th Cir. Dec. 8, 2023). That is, we held that a pretrial detainee's failure-to-protect claim must be evaluated under an entirely objective standard. *Id.* at *10-11; *see id.* at *11 ("The plaintiff no longer has to show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm.

3

That showing remains sufficient, but it is no longer necessary.  Now, it is sufficient that the plaintiff show that the defendant's action or inaction was . . . objectively unreasonable." (cleaned up)).

Because the district court did not have the benefit of our decision in *Short* when it rejected Hammock's failure-to-protect claim, we vacate the district court's order awarding summary judgment to Andoh and remand for the district court to apply *Short* in the first instance.  We also deny Hammock's motion to appoint counsel, motion for contempt of court, and motions for default judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4